**SHRADER & ASSOCIATES, LLP**
Alex Barlow (*pro hac vice*)
barlow@shraderlaw.com
9 Greenway Plaza, Suite 2300
Houston, TX 77046
Telephone: 713.782.0000
Facsimile: 713.571.9605

**ROBINS CLOUD LLP**
Ari. S. Friedman SBN 256463
afriedman@robinscloud.com
808 Wilshire Blvd. #450
Santa Monica, CA 90401
Telephone: 310.929.4200
Facsimile: 310.566.5900

*Attorneys for Plaintiffs*
TERRI FREEMAN and EARL FREEMAN

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRI FREEMAN and EARL FREEMAN, <br><br> Plaintiffs, <br><br> v. <br><br> ETHICON, INC., et al. <br><br> Defendants. | Case No. 2:20-cv-10661-CBM-SK <br><br> **FIRST AMENDED [PROPOSED] FINAL PRETRIAL CONFERENCE ORDER** <br><br> Pretrial Conference: April 19, 2022 <br> Trial Date: May 3, 2022 |

Following pretrial proceedings, pursuant to F.R.Civ.P. 16 and Local Rule 16, **IT IS ORDERED**:

1. **Parties**: The parties are Plaintiffs Terri Freeman and Earl Freeman ("Plaintiffs") and Defendants, Ethicon, Inc., and Johnson and Johnson ("Ethicon"). Each of these parties has been served and has appeared. All other

parties named in the pleadings and not identified in this paragraph are now dismissed.  The pleadings that raise the issues are Plaintiffs' Amended Short Form Complaint (Doc. No. 6), Plaintiffs' Amended Long Form Complaint (Doc. No. 67-1), and Ethicon's Answer thereto (Doc. Nos. 67-2–67-3). Plaintiffs intend to file a motion for leave to file a supplemental pleading limited to the issue preclusion effect of *People v. Johnson & Johnson*, No. D077945, 2022 Cal. Ct. App. WL 1075421 (Apr. 11, 2022) and the underlying trial court decision in that case. Defendants maintain that issue preclusion does not apply based on those decisions, and reserve the right to oppose any such motion and/or answer any such supplemental pleading.

2. **<u>Jurisdiction and Venue</u>**: This Court has jurisdiction under 28 U.S.C. § 1332 because Defendants are citizens of New Jersey while Plaintiffs are citizens of California, and the amount in controversy exceeds $75,000.   Venue is appropriate in the Central District of California pursuant to 28 U.S.C. § 1391(b).  Plaintiffs reside in this District and a substantial part of the events or omissions allegedly giving rise to the claims occurred in this District.  The facts requisite to federal jurisdiction are admitted and there are no remaining issues.

3. **<u>Trial Length</u>**: The trial is estimated to take ten (10) days.  (Doc. No. 112).

FIRST AMENDED PROPOSED JOINT PRETRIAL CONFERENCE ORDER

4. **<u>Jury Trial</u>**: The trial is to be a jury trial. *Id.* At least seven (7) days prior to the trial date the parties shall file and serve by email, fax, or personal delivery: (a) proposed jury instructions as required by L.R. 51-1 and (b) any special questions requested to be asked on voir dire.

5. **<u>Admitted Facts:</u>** There are no facts admitted that do not require proof thereof.

6. **<u>Stipulated Facts:</u>** The following facts, though stipulated, shall be without prejudice to any evidentiary objection:

    a. On April 8, 2010, at San Antonio Community Hospital in Upland, California, Dr. Thomas T. Easter implanted Ms. Freeman with a TVT-O device, a prescription polypropylene mesh product, to treat her stress urinary incontinence and a Prolift+M device, another prescription polypropylene mesh product, to treat her pelvic organ prolapse. (Doc. No. 119).

    b. Plaintiff Theresa "Terri" Janette Freeman and Consortium Plaintiff Earl Eugene Freeman are residents and citizens of California. (*Id.*)

    c. In their Amended Complaint, Plaintiffs listed the implanted devices as: TVT-O, Prolift+M, and Prolift. (*Id.*)

FIRST AMENDED PROPOSED JOINT PRETRIAL CONFERENCE ORDER

d. But Dr. Easter confirmed that Prolift+M was actually the device implanted in both the anterior and posterior placement.  Prolift was not implanted.  (*Id.*)

e. Mrs. Freeman did not receive a patient brochure or any other written materials provided by Ethicon regarding her mesh medical devices; she did not view any videos about the devices; she did not do any research about the devices prior to her 2010 surgery; and she did not read literature about these devices prior to her surgery.  (*Id.*)

f. Mrs. Freeman has not had any communication—oral or written—with Ethicon, prior to filing this lawsuit, or at any other time.  (*Id.*)

g. Plaintiff was implanted with a TVT-O product simultaneously with the Prolift+M. The parties have stipulated that they will not contend that Plaintiffs' damages were caused by the TVT-O product or that the TVT-O was curative or positive for Terri Freeman's health or quality of life.

7. **Claims and Defenses of the Parties**: Initially, Plaintiffs brought the following claims: Count I – Negligence; Count II – Strict Liability – Manufacturing Defect; Count III – Strict Liability – Failure to Warn; Count IV – Strict Liability – Defective Product; Count V – Strict Liability – Design Defect; Count VI – Common Law Fraud; Count VII – Fraudulent Concealment; Count VIII – Constructive Fraud; Count IX – Negligent Misrepresentation; Count X

FIRST AMENDED PROPOSED JOINT PRETRIAL CONFERENCE ORDER

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

– Negligent Infliction of Emotional Distress; Count XI – Breach of Express Warranty; Count XII – Breach of Implied Warranty; Count XIII – Violation of Consumer Protection Laws; Count XIV – Gross Negligence; Count XV – Unjust Enrichment; Count XVI – Loss of Consortium; Count XVII – Punitive Damages; and Count XVIII – Discovery Rule and Tolling.  (Doc. No. 6).

On June 1, 2021, this Court granted the parties' joint stipulation with respect to dismissal of Counts II, IV, V, XII, XIII, and XV.  (Doc. No. 107).  Then, on November 1, 2021, the Court granted Ethicon's Partial Motion for Summary Judgment with respect to Counts VI, VII, and IX.  (Doc. No. 127).[1]

Accordingly, Plaintiffs have the remaining claims against Ethicon:[2] Count I – Negligence (Negligent Failure to Warn and Negligent Design); Count III – Strict Liability – Failure to Warn; Count XI – Breach of Express Warranty; and Count XVI – Loss of Consortium.

**A.  <u>The elements of Plaintiffs' claims are as follows:</u>**

---

[1] Plaintiffs agreed during the motion for summary judgment proceedings that gross negligence and punitive damages were not separate causes of action, but rather an element of relief as to punitive damages.  Defendants maintain that, under California's conflict of laws analysis that New Jersey law applies to the availability and amount of punitive damages, should the case progress to that stage. Plaintiffs contend that California law governs the issue of punitive damages.

[2] Plaintiffs' complaint also includes a Count 10 – Negligent Infliction of Emotional Distress. Although in other states Negligent Infliction of Emotional Distress may be asserted as a separate claim, in California it is not a separate tort or cause of action, but an element of damages and, thus, is not included here in identifying Plaintiffs' claims. *Molien v. Kaiser Foundation Hospitals*, (1980) 27 Cal.3d 916, 928.

FIRST AMENDED PROPOSED JOINT PRETRIAL CONFERENCE ORDER

**Count I – Negligence – Failure to Warn:** Plaintiffs claim that Ethicon's conduct with respect to warnings fell below the standard of care.  To establish this claim, Plaintiffs must prove the following:

1. Ethicon designed the Prolift+M at issue and prepared warnings for that product;

2. Ethicon should have known that the Prolift+M was dangerous or likely to be dangerous when used or misused in a reasonably foreseeable manner;

3. [The parties disagree on the proper wording of this element]

   a. (Defendant version): Ethicon knew or reasonably should have known that ordinary pelvic floor surgeons would not realize the danger;

   b. (Plaintiff version): Ethicon knew or reasonably should have known that ordinary prescribing physicians would not realize the danger;[3]

4. Ethicon failed to adequately warn of the danger of the Prolift+M;

5. A reasonable manufacturer under the same or similar circumstances would have warned of the danger or instructed on the safe use of the Prolift+M;

---

[3] In the case of prescription medical devices, the physician stands in the shoes of the ordinary user because it is through the physician that a patient learns of the properties and proper use of the drug or implant. Thus, the duty to warn in these cases runs to the physician, not the patient. *See* CACI No. 1205, Directions for Use, citing *Bigler-Engler v. Breg, Inc.* (2017) 7 Cal.App 5th 276, 319 [213 Cal.Rptr.3d 82].

FIRST AMENDED PROPOSED JOINT PRETRIAL CONFERENCE ORDER

6. Ethicon's failure to warn was a substantial factor in causing harm to Plaintiff Terri Freeman; and

7. As a result, Plaintiff Terri Freeman suffered damages.

*See* CACI No. 1222, *Negligence—Manufacturer or Supplier—Duty to Warn—Essential Factual Elements*.

Defendants maintain that, for Element 6 to be met, Plaintiffs must show that Mrs. Freeman's implanting physician would not have used the Prolift+M to treat her if an adequate warning had been given.

**<u>Count I – Negligence – Design Defect:</u>** Plaintiffs claim that the Prolift+M's design caused harm to Mrs. Freeman.  To establish this claim, Plaintiffs must prove all of the following:

1. Ethicon designed the Prolift+M at issue;

2. Ethicon was negligent in designing the Prolift+M;

3. Mrs. Freeman was harmed; and

4. Ethicon's negligence was a substantial factor in causing Mrs. Freeman's harm.

*See* CACI No. 1220, *Negligence—Essential Factual Elements*.

Defendants also maintain that, in order to show Ethicon was negligent in designing the Prolift+M under Element 2, Plaintiffs must prove that, at the time of Mrs. Freeman's surgery, there was a safer alternative design to the

FIRST AMENDED PROPOSED JOINT PRETRIAL CONFERENCE ORDER

Prolift+M that would have been effective to avoid her harm and was, at a minimum, economically and technologically feasible, legally could have been marketed, and would have reduced the risk of injury while still being equally effective. *See Merrill v. Navegar, Inc.*, 26 Cal. 4th 465, 479 (2001); *Nichols v. Covidien LP*, 2021 WL 764134, at *5 (N.D. Cal. Feb. 26, 2021); *Trejo v. Johnson & Johnson*, 13 Cal. App. 5th 110, 155 (2017); *Barker v. Lull Eng'g Co.*, 20 Cal. 3d 413, 431 (1978).

**<u>Count III – Strict Liability – Failure to Warn:</u>** Plaintiffs claim that the Prolift+M lacked sufficient warning of potential risks. To establish this claim, Plaintiffs must prove all of the following:

1. Ethicon manufactured the Prolift+M;

2. The Prolift+M had potential risks that were known or knowable in light of the scientific and medical knowledge that was generally accepted in the scientific community at the time of the manufacture;

3. The potential risks presented a substantial danger when the Prolift+M are used or misused in an intended or reasonably foreseeable way;

4. [The parties disagree as to the wording of this element]:

FIRST AMENDED PROPOSED JOINT PRETRIAL CONFERENCE ORDER

a.  (Defendant version) That ordinary pelvic floor surgeons would not have recognized the potential risks;[4]

b.  (Plaintiff version) That ordinary prescribing physicians would not have recognized the potential risks;

5.  That Ethicon failed to adequately warn ordinary pelvic floor surgeons of the potential risks;

6.  That Mrs. Freeman was harmed; and

7.  That the lack of sufficient warnings was a substantial factor in causing Mrs. Freeman's harm.

*See* CACI No. 1205, *Strict Liability—Failure to Warn—Essential Factual Elements*.

Defendants maintain that, for Element 7 to be met, Plaintiffs must show that Mrs. Freeman's implanting physician would not have used the Prolift+M to treat her if an adequate warning had been given.

**Count XI – Breach of Express Warranty:** To establish this claim, Plaintiffs must prove all of the following:

**[Defendant Version]**

---

[4] In the case of prescription medical devices, the physician stands in the shoes of the ordinary user because it is through the physician that a patient learns of the properties and proper use of the drug or implant.  Thus, the duty to warn in these cases runs to the physician, not the patient.  *See* CACI No. 1205, Directions for Use, citing *Bigler-Engler v. Breg, Inc.* (2017) 7 Cal.App 5th 276, 319 [213 Cal.Rptr.3d 82].

FIRST AMENDED PROPOSED JOINT PRETRIAL CONFERENCE ORDER

9

1.  The exact terms of the warranty;

2.  Reasonable reliance thereon by Mrs. Freeman's physician;

3.  A breach of warranty which proximately caused Mrs. Freeman's injury; and

4.  That Plaintiffs took reasonable steps to notify Ethicon within a reasonable time of the breach, whether or not Ethicon received such notice.

*See* CACI No. 1230, *Express Warranty—Essential Factual Elements; Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135, 142 (1986).

### [Plaintiff Version]

1.  That Ethicon:

    a.  Made statement(s) of fact to plaintiff's prescribing physician about the Prolift+M; or

    b.  gave plaintiff's prescribing physician a description of the product;

2.  That the Prolift+M:

    a.  did not perform as stated / promised; or

    b.  did not meet the quality of the description.

3.  That Mrs. Freeman was harmed; and

4.  That the failure of the Prolift+M to be as represented was a substantial factor in causing Mrs. Freeman's harm.

FIRST AMENDED PROPOSED JOINT PRETRIAL CONFERENCE ORDER

*See* CACI No. 1230; *Foreman v. Bos. Sci. Corp.*, No. 2:13-CV-15591, 2016 WL 1448870, at *4 (S.D.W. Va. Apr. 12, 2016); *Carlin v. Superior Court*, 920 P.2d 1347, 1355 (Cal. 1996).

**Count XVI – Loss of Consortium:** In order to establish a cause of action for loss of consortium, Plaintiffs must establish:

1.  A valid and lawful marriage between Mr. Freeman and the person injured, Mrs. Freeman, at the time of the injury;

2.  A tortious injury to Mrs. Freeman;

3.  Loss of consortium suffered by Mr. Freeman; and

4.  That the loss was proximately caused by Ethicon's act.

*See Vanhooser v. Superior Court* (2012) 206 Cal.App.4th 921, 927 [142 Cal.Rptr.3d 230].

**B. The key evidence Plaintiffs rely on for each claim is:**

**Evidence Common to All Claims:**

1.  Plaintiffs intend to establish the fact and extent of Mrs. Freeman's injuries by the testimony of Plaintiff Terri Freeman, her husband, Earl Freeman, the testimony of her treating physicians (Dr. Kim, Dr. Easter, Dr. Siddighi, and Dr. Hibner), Plaintiff's medical records, and Plaintiff's case specific experts (Dr. Elliott, Dr. Michaels, and Dr. Bercik), and Mrs. Freeman's children.

FIRST AMENDED PROPOSED JOINT PRETRIAL CONFERENCE ORDER

2. Plaintiffs intend to establish the causal relationship between implantation of the Prolift+M and Mrs. Freeman's injuries by the testimony of her treating physicians (Dr. Kim, Dr. Easter, Dr. Siddighi, and Dr. Hibner), Plaintiff's medical records, and Plaintiff's case specific and general experts (Dr. Elliott, Dr. Michaels, Dr. Bercik, and Dr. Klinge).

3. Plaintiff's intend to establish Defendant's knowledge of the risks associated with its products (as well as the risks that it should have known about or which were knowable) by the testimony of Defendant Ethicon's internal employees (Robinson, Ciarrocca, Owens, Hinoul, Kammerer, Arnaud, Chen, Hart, Lucente, Parisi, O'Bryan), as well as Defendant's internal company documents reflecting the state of Defendant's knowledge. In addition, Plaintiffs intend to rely on the testimony of their case specific and general experts (Dr. Elliott, Dr. Michaels, and Dr. Bercik).

4. Plaintiffs intend to establish Defendant's failure to warn of known or knowable risks (and the causal effect of that failure) by the testimony of her implanting physician, Dr. Easter, the instructions for use (IFUs) associated with Prolift+M, Ethicon training materials shown to Dr. Easter, the testimony of internal Ethicon employees (including Paul Parisi), and the testimony of Mrs. Freeman.

Plaintiffs intend to establish that Ethicon designed, manufactured, and

FIRST AMENDED PROPOSED JOINT PRETRIAL CONFERENCE ORDER

distributed the Prolift+M implanted in Ms. Freeman using the testimony of Ethicon's employees, Defendants' discovery responses, and internal Ethicon documents.

In addition to the foregoing, Plaintiffs also intend to rely on the issue preclusion effect of *People v. Johnson & Johnson*, No. D077945, 2022 Cal. Ct. App. WL 1075421 (Apr. 11, 2022) and the underlying trial court decision in that case.

Count I – Negligence – Failure to Warn:

1. Plaintiffs intend to establish that Ethicon failed to warn Mrs. Freeman's prescribing physician (Dr. Easter) of the known and knowable risks of the Prolift+M from the testimony of Dr. Easter, from instructions for use corresponding to both products, Ethicon training materials shown to Dr. Easter, the testimony of internal Ethicon employees (including Paul Parisi), and the testimony of Mrs. Freeman.

2. Plaintiffs intent to establish that the dangers Ethicon failed to warn of were known, reasonably knowable, and should have been known by Ethicon using the testimony of Defendant Ethicon's internal employees, Defendant's internal documents, and the testimony of Plaintiffs' retained experts (Dr. Elliott, Dr. Michaels, Dr. Bercik, and Dr. Klinge).

Count I – Negligence – Design Defect:

FIRST AMENDED PROPOSED JOINT PRETRIAL CONFERENCE ORDER

1.  Plaintiffs intend to establish Ethicon's negligence in designing the Prolift+M through the testimony of Defendant Ethicon's internal employees (Robinson, Ciarrocca, Owens, Hinoul, Kammerer, Arnaud, Chen, Hart, Lucente, Parisi, O'Bryan, Angelini, Barbolt, Hellhammer, Isenberg, Kirkemo, Weisberg, and Klosterhalfen) as well as Defendant's internal company documents reflecting the state of Defendant's knowledge. In addition, Plaintiffs intend to rely on the testimony of their case specific and general experts (Dr. Elliott, Dr. Michaels, Dr. Bercik, and Dr. Klinge).

Plaintiffs intend to use the foregoing evidence to establish that the magnitude of the reasonably foreseeable harm from Prolift+M as designed outweighed the utility of the product as designed. Plaintiffs expect the foregoing evidence to establish that Ethicon created products which exposed the women they were used on to the risk of horrific, embarrassing, permanent, and life-altering injuries. The same evidence will further establish that Ethicon had early knowledge of these risks, and knew of them before the products first went to market. Moreover, when those risks manifest, there is no easy way to remove Ethicon's product because it becomes embedded in the patient's flesh. And there is no corresponding benefit to offset this risk because (1) Ethicon's products did not work meaningfully better than the existing treatments they sought to replace (and which did not carry these risks), and (2) the conditions

FIRST AMENDED PROPOSED JOINT PRETRIAL CONFERENCE ORDER

the Ethicon products were intended to treat were nowhere near as severe as the injuries those products could cause (and, in Plaintiff's case, did cause). <u>Count III – Strict Liability – Failure to Warn:</u>

1. Plaintiffs intend to establish that Ethicon failed to warn Mrs. Freeman's prescribing physician (Dr. Easter) of the known and knowable risks of the Prolift+M from the testimony of Dr. Easter, from instructions for use corresponding to both products, Ethicon training materials shown to Dr. Easter, the testimony of internal Ethicon employees (including Paul Parisi), and the testimony of Mrs. Freeman.

2. Plaintiffs intent to establish that the dangers Ethicon failed to warn of were known, reasonably knowable, and should have been known by Ethicon using the testimony of Defendant Ethicon's internal employees, Defendant's internal documents, and the testimony of Plaintiffs' retained experts (Dr. Elliott, Dr. Michaels, Dr. Bercik, and Dr. Klinge).

<u>Count XI – Breach of Express Warranty:</u>

1. Plaintiffs intend to establish Ethicon's representations about and descriptions of the Prolift+M made to Mrs. Freeman's prescribing physician (Dr. Easter) from the testimony of Dr. Easter, from instructions for use corresponding to both products, Ethicon training materials shown to Dr. Easter, and the testimony of internal Ethicon employees (including Paul Parisi).

FIRST AMENDED PROPOSED JOINT PRETRIAL CONFERENCE ORDER

2. Plaintiffs intend to establish the failure of the Prolift+M to conform to the representations and descriptions through the testimony of Plaintiffs' treating physicians, Plaintiff's medical records, the testimony of Plaintiff's case specific and general experts (Dr. Elliott, Dr. Michaels, Dr. Bercik, and Dr. Klinge).

Count XVI – Loss of Consortium:

1. Plaintiffs intend to establish the effect of Mrs. Freeman's injuries on the marriage between Terri and Earl Freeman through the testimony of both plaintiffs. Plaintiffs intend to establish that it is unlikely that this damage to the marital relationship will resolve in the future through the testimony of Mrs. Freeman's treating physicians and through the testimony of Dr. Elliott, a retained expert.

C. **Ethicon's Key Evidence in Opposition to Plaintiffs' Claims:**

**Count I – Negligence – Failure to Warn:**

1. Testimony of implanting physician Dr. Thomas Easter regarding knowledge of the risks associated with Prolift+M devices generally and as relevant to Ms. Freeman specifically.

2. Expert testimony of Ethicon's general and specific experts Douglas Grier, M.D., Salil Khandwala, M.d., and Edward Stanford, M.D. regarding risks associated with Prolift+M devices, risks identified in the warnings provided

FIRST AMENDED PROPOSED JOINT PRETRIAL CONFERENCE ORDER

by Ethicon, and risks commonly understood by surgeons implanting these mesh devices.

3. Testimony of Ethicon witnesses relevant to product warnings based on development, evaluation, and study of the Prolift+M devices, including Scott Ciarrocca, Piet Hinoul, Scott Jones, Gene Kammerer, Joerg Holste, and/or Vincent Lucente.

4. Medical records of Plaintiff Terri Freeman.

5. Plaintiffs' discovery responses, Plaintiff Profile Form(s), and Plaintiff Fact Sheets.

6. The Instructions for Use for the Prolift+M devices.

7. Professional educational materials for the Prolift+M devices.

8. Ethicon documents relevant to product development, evaluation, and study of the Prolift+M devices, preparation of warnings, Instructions for Use, and professional educational materials.

9. Professional Association Position Statements regarding safety and efficacy of mesh devices.

**<u>Count I – Negligence – Design Defect:</u>**

1. Testimony of implanting physician Dr. Thomas Easter regarding the safety and efficacy of the Prolift+M devices generally and as used in Ms. Freeman specifically.

FIRST AMENDED PROPOSED JOINT PRETRIAL CONFERENCE ORDER

2. Testimony of treater Sam Siddighi, M.D., regarding care and treatment of Ms. Freeman, including with respect to claimed injuries.

3. Expert testimony of Ethicon's general and specific experts Douglas Grier, M.D., Salil Khandwala, M.d., Teri Longacre, M.D., Edward Stanford, M.D., and Shelby Thames, Ph.D. The testimony and materials relied on by these experts demonstrates the safety and efficacy of the Prolift+M devices generally and as used in Ms. Freeman specifically.

4. Expert testimony of Plaintiffs' experts Daniel Elliott, M.D. and Richard Bercick, M.D., demonstrating the lack of a specific defect in the Prolift+M devices as the cause of Ms. Freeman's claimed injuries.

5. Testimony of Plaintiffs regarding efficacy of Prolift+M in treating Ms. Freeman's prolapse and stress urinary incontinence.

6. Testimony of Ethicon witnesses relevant to product development, evaluation, and study of the Prolift+M devices, including Scott Ciarrocca, Piet Hinoul, Scott Jones, Gene Kammerer, Joerg Holste, and/or Vincent Lucente.

7. Medical records of Plaintiff Terri Freeman.

8. Plaintiffs' discovery responses, Plaintiff Profile Form(s), and Plaintiff Fact Sheets.

9. The Instructions for Use for the Prolift+M devices.

FIRST AMENDED PROPOSED JOINT PRETRIAL CONFERENCE ORDER

10. Professional educational materials for the Prolift+M devices.

11. Ethicon documents relevant to product development, evaluation, and study of the Prolift+M devices.

12. Professional Association Position Statements regarding safety and efficacy of mesh devices.

**Count III – Strict Liability – Failure to Warn:**

This will be the same evidence relied upon with respect to Plaintiffs' claim for Negligent Failure to Warn.

**Count XI – Breach of Express Warranty:**

1. Testimony of implanting physician Dr. Thomas Easter regarding what representations were made to him regarding the Prolift+M devices, and his reliance on those representations.

2. Expert testimony of Ethicon's general and specific experts Douglas Grier, M.D., Salil Khandwala, M.D., and Edward Stanford, M.D., regarding risks associated with Prolift+M devices, risks identified in the warnings provided by Ethicon, and risks commonly understood by surgeons implanting these mesh devices.

3. Testimony of Ethicon witnesses relevant to product warnings based on development, evaluation, and study of the Prolift+M devices, including

FIRST AMENDED PROPOSED JOINT PRETRIAL CONFERENCE ORDER

Scott Ciarrocca, Piet Hinoul, Scott Jones, Gene Kammerer, Joerg Holste, and/or Vincent Lucente.

4. Medical records of Plaintiff Terri Freeman.

5. Plaintiffs' discovery responses, Plaintiff Profile Form(s), and Plaintiff Fact Sheets.

6. The Instructions for Use for the  Prolift+M devices.

7. Professional educational materials for the  Prolift+M devices.

8. Ethicon documents relevant to product development, evaluation, and study of the Prolift+M devices, and preparation of warnings, Instructions for Use, and professional educational materials.

9. Professional Association Position Statements regarding safety and efficacy of mesh devices.

**Count XVI – Loss of Consortium:**

This will be the same evidence relied upon with respect to Plaintiffs' claims for Negligent Design and Negligent Failure to Warn.

D. **Defendants' Affirmative Defenses/Counter-Claims:** Ethicon plans to pursue the following affirmative defenses (those matters on which Ethicon bears the burden of proof and which will defeat Plaintiffs' claim even if

FIRST AMENDED PROPOSED JOINT PRETRIAL CONFERENCE ORDER

Plaintiffs established the elements of their claim):[5,6]

**Ethicon's Affirmative Defense of "Unavoidably Unsafe" Products:**

Ethicon asserts application of the new Restatement (Second) of Torts §402A, comments j and k, dealing with "unavoidably safe" products.

Plaintiffs dispute that this is an affirmative defense to their claims.

**Ethicon's Affirmative Defense of Disclaimer of Warranties:**

Any express or implied warranties alleged to have been made by Ethicon were disclaimed.

**Ethicon's Affirmative Defense of Failure to Mitigate:**

Plaintiffs' alleged damages, if any, are barred in whole or in part by Plaintiffs' failure to mitigate such damages.

E. **Elements Required to Establish Ethicon's Affirmative Defenses (L.R. 16-4.1(e)):**

---

[5] The learned intermediary doctrine applies to Plaintiffs' claims, but is not an affirmative defense on which Ethicon bears the burden of proof.  Instead, it is an element of causation by which Plaintiffs must demonstrate that the implanting physician would have made a different prescribing decision had he received different warnings.  *See, e.g., Dilley v. C.R. Bard, Inc.*, No. 2:14-CV-01795-ODW, 2014 WL 1338877, at *4 (C.D. Cal. Apr. 3, 2014) (citing *Carlin v. Superior Court*, 13 Cal. 4th 1104, 1116 (1996); *Plenger v. Alza Corp.*, 11 Cal. App. 4th 349, 362 (1992)); *Motus v. Pfizer, Inc.*, 196 F. Supp. 2d 984, 986, 989 (C.D. Cal. 2001), *aff'd*, 358 F.3d 659, 660-61 (9th Cir. 2004).

[6] By Order Granting in Part and Denying in Part Ethicon's Motion for Summary Judgment (Doc. 127), the Court ruled, with respect to Ethicon's challenge to Plaintiffs' warranty claims, that notice of breach of warranty here was not required (*id*. at 5) and "privity is met" (*id*. at 6). Accordingly, Ethicon does not reassert here its defenses that Plaintiffs failed to provide notice of any alleged breach of warranty and plaintiffs lacked privity to maintain breach of warranty claims.

FIRST AMENDED PROPOSED JOINT PRETRIAL CONFERENCE ORDER

**Ethicon's Affirmative Defense of "Unavoidably Unsafe" Products:**

1. The Prolift+M device is incapable of being made completely safe for its intended and ordinary use;

2. The Prolift+M device was properly prepared; and

3. Ethicon warned the implanting surgeon about the risks it knew or should have known about in light of the best scientific and medical knowledge available at the time of manufacture and distribution of the Prolift+M device.

*See Brown v. Superior Court*, 44 Cal. 3d 1049, 1058-59, 1063-64 (1988); Restatement (Second) of Torts, § 402A, cmt. k; *Hufft v. Horowitz*, 4 Cal. App. 4th 8, 14-19 (1992) (holding that *Brown* and comment k apply to implanted medical devices).

**Ethicon's Affirmative Defense of Disclaimer of Warranties:**

Ethicon clearly limited the representations regarding safety of its Prolift+M devices.

*See* CACI 1241, *Affirmative Defense—Exclusion or Modification of Express Warranty*.

**Ethicon's Affirmative Defense of Failure to Mitigate:**

Plaintiffs failed to use reasonable efforts or expenditures avoid damages for harm.

FIRST AMENDED PROPOSED JOINT PRETRIAL CONFERENCE ORDER

*See* CACI No. 3930, *Mitigation of Damages (Personal Injury)*.

**F.** **Key Evidence in Support of Ethicon's Affirmative Defenses (L.R. 16-4.1(f)):**
**Evidence in Support of Ethicon's Affirmative Defense of "Unavoidably Unsafe" Products:**

1. Testimony of implanting physician Dr. Thomas Easter regarding risks inherent in pelvic floor surgery generally and risks associated with mesh devices, including the Prolift+M.

2. Testimony of treater Sam Siddighi, M.D., regarding care and treatment of Ms. Freeman, including with respect to the risk inherent in pelvic floor surgery generally and risks associated with mesh devices, including the Prolift+M.

3. Expert testimony of Ethicon's general and specific experts Douglas Grier, M.D., Salil Khandwala, M.D., Teri Longacre, M.D., Edward Stanford, M.D., and Shelby Thames, Ph.D.  The testimony and materials relied on by these experts demonstrates the risks inherent in pelvic floor surgery generally and risks associated with the Prolift+M.

4. Expert testimony of Plaintiffs' experts Daniel Elliot, M.D. and Richard Bercick, M.D., demonstrating the risks inherent in pelvic floor surgery generally and risk associated with mesh devices including the Prolift+M.

5. Testimony of Ethicon witnesses relevant to product development, evaluation, and study of the Prolift+M devices, including Scott Ciarrocca,

FIRST AMENDED PROPOSED JOINT PRETRIAL CONFERENCE ORDER

Piet Hinoul, Scott Jones, Gene Kammerer, Joerg Holste, and/or Vincent Lucente.

6. Medical records of Plaintiff Terri Freeman.

7. The Instructions for Use for the Prolift+M devices.

8. Professional educational materials for the Prolift+M devices.

9. Ethicon documents relevant to product development, evaluation, and study of the Prolift+M devices.

10. Professional Association Position Statements regarding safety and efficacy of mesh devices.

**Evidence in Support of Ethicon's Affirmative Defense of Disclaimer of Warranties:**

1. Testimony of implanting physician, Dr. Thomas Easter, regarding what representations were made to him regarding the Prolift+M devices, and his reliance on those representations.

2. Expert testimony of Ethicon's general and specific experts, Douglas Grier, M.D., Salil Khandwala, M.D., and Edward Stanford, M.D., regarding risks identified in the warnings provided by Ethicon.

3. The Instructions for Use for the Prolift+M devices.

4. Professional educational materials for the Prolift+M devices.

1.

**Evidence in Support of Ethicon's Affirmative Defense of Failure to**

FIRST AMENDED PROPOSED JOINT PRETRIAL CONFERENCE ORDER

**Mitigate:**

1. Testimony of implanting physician Dr. Thomas Easter regarding alternative factors that caused or contributed to Ms. Freeman's injuries that could have been avoided or mitigated with reasonable care.

2. Testimony of treater Sam Siddighi, M.D., regarding alternative factors that caused or contributed to Ms. Freeman's injuries that could have been avoided or mitigated with reasonable care.

3. Expert testimony of Ethicon's general and specific experts Douglas Grier, M.D., Salil Khandwala, M.D., Teri Longacre, M.D., Edward Stanford, M.D., and Shelby Thames, Ph.D. The testimony and materials relied on by these experts demonstrates alternative factors that caused or contributed to Ms. Freeman's injuries that could have been avoided or mitigated with reasonable care.

4. Testimony of Plaintiffs regarding the claimed injuries of Ms. Freeman and her actions to avoid or mitigate alternative factors that caused or contributed to her claimed.

5. Medical records of Plaintiff Terri Freeman.

6. Ethicon documents relevant to product development, evaluation, and study of the Prolift+M devices.

FIRST AMENDED PROPOSED JOINT PRETRIAL CONFERENCE ORDER

7. Professional Association Position Statements regarding safety and efficacy of mesh devices and alternative treatments.

8. **REMAINING TRIABLE ISSUES:** The claims identified above remain to be tried. However, if the Court determines that *People v. Johnson & Johnson*, No. D077945, 2022 Cal. Ct. App. WL 1075421 (Apr. 11, 2022) and the underlying trial court decision in that case creates issue preclusion against Defendants, then portions of the foregoing elements will not need to be established during the trial. Defendants maintain that issue preclusion does not apply to any portion of the foregoing elements.

9. **DISCOVERY:** The parties have agreed to supplemental depositions of both Plaintiffs, fact witness Keith Freeman, to the extent he will appear at trial, and Dr. Michael Hibner. Those depositions are being scheduled and will be completed before trial.

10. **TRIAL EXHIBITS:** All disclosures under F.R.Civ.P. 26(a)(3) have been made. The joint exhibit has been filed under separate cover. (Doc. No.145).

11. **WITNESS LIST:** Witness lists were filed under separate cover. (Doc. No. 147 [Plaintiffs], 144 [Defendants]). Only the witnesses identified in those lists will be permitted to testify (other than solely for impeachment). Each party intending to present evidence by way of deposition testimony has marked such

FIRST AMENDED PROPOSED JOINT PRETRIAL CONFERENCE ORDER

1

2     depositions in accordance with L.R. 16-2.7.  For this purpose, the following

3     designations shall be lodged with the Clerk as required by L.R. 32-1:

4     **A. <u>Plaintiffs' Designations</u>** – Plaintiffs designate the following witnesses whose

5

6     testimony may be presented by deposition testimony:

7              a.  David Robinson, M.D.;

8
9              b.  Scott Ciarrocca;

10             c.  Charlotte Owens, M.D.;

11             d.  Piet Hinoul;

12
13             e.  Gene Kammerer;

14             f.  Axel Arnaud, M.D.;

15             g.  James C. Hart, M.D.;

16
17             h.  Vincent R. Lucente, M.D.;

18             i.  Ja-Hong Kim, M.D.;

19             j.  Michael Hibner, M.D.;

20
21             k.  Paul Parisi;

22             l.  Sean O'Bryan;

23             m. Thomas Easter, M.D.;

24
25             n.  Sam Siddighi, M.D.;

26             o.  Mario Castellanos, M.D.

27

28
      FIRST AMENDED PROPOSED JOINT PRETRIAL CONFERENCE ORDER

**B. Defendants' Designations** – Ethicon designates the following witnesses whose testimony may be presented by deposition testimony:

    a. Earl Freeman;

    b. Thomas Easter, M.D.;

    c. Sam Siddighi, M.D.;

    d. Piet Hinoul;

    e. Joerg Holste;

    f. Scott Jones; and

    g. Gene Kammerer

    h. Vincent Lucent, M.D.

    i. Mario Castellanos, M.D.

**Plaintiffs' Objections** – Plaintiffs object to the following witnesses appearing by deposition Earl Freeman (who will be at trial), Alex Arnaud; Piet Hinoul; Charlotte Owens; Daniel Smith; Joerg Holste; Scott Jones; Gene Kammerer, and Vincent Lucente.

**C. Ethicon's Response to Plaintiffs' Objections** – In response to Plaintiffs' objection, Ethicon states that Plaintiffs actually designated deposition testimony from Arnaud, Hinoul, Owens and Kammerer. To the extent Plaintiffs claim that these witnesses are unavailable, all reside outside the subpoena power of the Court. Only Jones is a current Ethicon employee, but

FIRST AMENDED PROPOSED JOINT PRETRIAL CONFERENCE ORDER

he is not a party to this lawsuit. All of the testimony Ethicon designated is from depositions taken in the MDL proceeding, when lawyers involved in the MDL had an opportunity and similar motive to question these deponents.

12. **MOTIONS:** The following motion matters and motions *in limine*, and no others, are pending or contemplated:

A. **Plaintiffs' Motions**

    1. *Motion Related to Issue Preclusion -* Plaintiffs intend to file a motion related to the effects of the recently decided *People v. Johnson & Johnson*, No. D077945, 2022 Cal. Ct. App. WL 1075421 (Apr. 11, 2022) and the underlying trial court decision in that case.

    2. *Daubert* **Motions** – The following *Daubert* motions are contemplated by Plaintiffs:

        a. Motion to Exclude Douglas Grier (Doc. No. 74); and

        b. Motion to Exclude Sahil Khandwala (Doc. No. 75).

        c.

B. **Defendant's Motions**

    1. **Motions** *in Limine* – The following motions in *limine* are contemplated by Ethicon:

        a.

FIRST AMENDED PROPOSED JOINT PRETRIAL CONFERENCE ORDER

b. Motion to Exclude Surgical Videos and Photographs (Doc. No. 134); and

c. **Motion to Exclude Reasons for Plaintiffs' Cancelled and Postponed Surgery** – As requested in their trial brief and if permitted by the Court, Defendants intend to file a motion *in limine* to preclude evidence and argument concerning the reasons Plaintiff Terri Freeman cancelled and postponed her March 29, 2022 removal procedure until after trial. (*See* Dkt. 214 at Part II.C.)

d.

2. ***Daubert* Motions** – The following *Daubert* motions are contemplated by Ethicon:

a. Motion to Exclude Certain Opinions of Richard Bercik, M.D. (Doc. Nos. 68, 139);

b. Motion to Exclude Certain Case Specific Opinions of Daniel Elliot, M.D. (Doc. Nos. 69, 140); and

c. Motion to Limit the Case-Specific Testimony of Paul J. Michaels, M.D. (Doc Nos. 72, 142).

13.**BIFURCATION:** None.

14.**STATEMENT OF COMPLIANCE:** The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues

FIRST AMENDED PROPOSED JOINT PRETRIAL CONFERENCE ORDER

1
2   remaining to be litigated, this Final Pretrial Conference Order shall supersede

3   the pleadings and govern the course of the trial of this case, unless modified to

4   prevent manifest injustice.

5
6   Dated:

7                                                    _____
8                                                    CONSUELO B. MARSHALL
                                                     UNITED STATES DISTRICT JUDGE
9

10

11
12   */s/ Alex Barlow*_____
     Ari. S. Friedman SBN 256463
13   afriedman@robinscloud.com
     ROBINS CLOUD LLP
14   808 Wilshire Blvd. #450
     Santa Monica, CA  90401
15   Tel:  310.929.4200
     Fax:  310.566.5900
16
     Alex Barlow (*pro hac vice*)
17   barlow@shraderlaw.com
     SHRADER & ASSOCIATES, LLP
18   9 Greenway Plaza, Suite 2300
     Houston, TX  77046
19   Tel:  713.782.000
     Fax:  713.571.9605
20
      *Co*unsel for Plaintiffs
21      *Terri Freeman and Earl Freeman*

22   _____
     Mollie F. Benedict SBN 187084
23   mollie.benedict@tuckerellis.com
     Joshua J. Wes SBN 238541
24   joshua.wes@tuckerellis.com
     Nicholas V. Janizeh SBN 307816
25   Nicholas.janizeh@tuckerellis.com
     TUCKER ELLIS LLP
26   Forty-Second Floor
     515 South Flower Street
27   Los Angeles CA  90071-2223

28
     FIRST AMENDED PROPOSED JOINT PRETRIAL CONFERENCE ORDER

Tel:  213.430.3400
Fax:  213.430.3409

*Counsel for Defendants Ethicon, Inc.
And Johnson and Johnson*

## <u>CERTIFICATE OF SERVICE</u>

I, Alex Barlow, declare that I am a citizen of the United States and a resident of Houston, Texas. I am over the age of 18 and not a party to the within action.  My business address is Shrader & Associates, LLP, 9 Greenway Plaza, Suite 2300, Houston, Texas 77046.

On April 11, 2022 , I served the following:

- **FIRST AMENDED [PROPOSED] JOINT FINAL PRETRIAL CONFERENCE ORDER**
- **EXHIBIT A – FIRST AMENDED JOINT EXHIBIT LIST WITH OBJECTIONS**

on the following interested parties in this action by:

**(X)    ELECTRONICALLY VIA ECF:** the above-referenced document to be served electronically through the United States District Court, Central District ECF website, addressed to all parties appearing on the Court's ECF service list.  A copy of the "Filing Receipt page will be maintained with the original document in our office.

DATED:       April 15, 2022        Respectfully Submitted,

**SHRADER & ASSOCIATES, LLP**

FIRST AMENDED PROPOSED JOINT PRETRIAL CONFERENCE ORDER

1

2

3                                        By: */s/Alex Barlow*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED PROPOSED JOINT PRETRIAL CONFERENCE ORDER