UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 20-cv-10661-CBM (SKx) | Date | September 11, 2022 |
| Title | Terri Freeman et al v. Ethicon, Inc. et al | | |

Present: The Honorable   CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE

| YOLANDA SKIPPER | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| NONE PRESENT | NONE PRESENT |

Proceedings:   **IN CHAMBERS- ORDER RE: DEFENDANTS' MOTION TO STAY CASE PENDING CERTIFICATION AND RESOLUTION OF APPEAL PURSUANT TO 28 U.S.C. § 1292(B) [269]**

The matter before the Court is Defendants Ethicon, Inc. and Johnson & Johnson's (collectively, "Defendants") "Motion to Stay Case Pending Certification and Resolution of Appeal Pursuant to 28 U.S.C. § 1292(b)."  (Dkt. No. 269.)  The Motion is fully briefed.  (Dkt. Nos. 290, 309.)

The Court granted Plaintiffs' Motion for Partial Summary Judgment and granted issue preclusive effect to the state trial judge's five unappealed factual findings.  (See Order – Dkt. No. 246.)  Defendants filed a Motion to Continue the Trial pending their appeal of the state court case to the United States Supreme Court (Dkt. No. 247), but the Court denied the Motion to Continue.  (Dkt. No. 268.)

Defendants filed the present Motion for Immediate Appeal and Stay Under 28 U.S.C. § 1292(b) on an "emergency basis," seeking (1) the Court's certification of the Court's summary judgment Order regarding issue preclusion (Dkt. No. 246) for immediate, interlocutory appeal, and (2) a stay of the trial proceedings while Defendants' interlocutory appeal is considered.  (Mot. – Dkt. No. 269.)  Defendants identified two questions to be certified for appeal:

(1) Whether it is fair under *Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979) and parallel California caselaw to apply issue preclusion to a state court judge's factual findings in a non-product liability case that multiple federal juries in product liability cases have implicitly rejected in rendering defense verdicts on failure to warn and design claims like those brought by Plaintiffs here, particularly when the state court judge relied on expert testimony routinely excluded in federal jury trials.

(2) Whether any factual findings in a California state court decision—whether or not expressly

challenged on appeal—can be given preclusive effect before the exhaustion of all available methods of appellate review renders the underlying decision a "final judgment" under California law.

(Mot. – Dkt. No. 269.)

Circuit Courts generally should not review a district court ruling until after the entry of final judgment. *See* 28 U.S.C. § 1291; *Hansen v. Schubert*, 459 F. Supp. 2d 973, 999 (E.D. Cal. 2006) (citing *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982), aff'd sub nom. *Arizona v. Ash Grove Cement Co.*, 459 U.S. 1190 (1983). There are, however, situations in which "appellate review of a particular ruling will materially advance disposition of the claims before the trial court." *Morrison-Knudsen Co., Inc. v. Archer*, 655 F.2d 962, 966 (9th Cir. 1981). In such cases, "the appropriate procedure for the district court is to certify its order for interlocutory appeal under 28 U.S.C. § 1292(b)." *Id*. Section 1292(b) provides the following:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Thus, to certify for immediate appeal under 28 U.S.C. section 1292(b), a district court must find that: (1) the order involves a controlling question of law; (2) there are substantial grounds for a difference of opinion regarding this question; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982) (citing 28 U.S.C. § 1292(b).)

The Court denies the Motion because the Court is not of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion, nor does it find that an immediate appeal will materially advance the ultimate termination of the litigation. *Id*.

**IT IS SO ORDERED.**