**BUTLER SNOW LLP**
Kim Bueno (*pro hac vice*)
kim.bueno@butlersnow.com
1400 Lavaca Street, Suite 1000
Austin, Texas 78701
Telephone:     (737) 802-1800
Facsimile:     (737) 802-1801

**TROUTMAN PEPPER LLP**
Eric Rumanek (*pro hac vice*)
eric.rumanek@troutman.com
600 Peachtree Street, N.E., Suite 3000
Atlanta, Georgia 30308
Telephone:     (404) 885-3000

**O'MELVENY & MYERS LLP**
Zach A. Tafoya (SBN 301837)
ztafoya@omm.com
400 South Hope Street, 18th Floor
Los Angeles, California 90071
Telephone:     (213) 430-6000
Facsimile:     (213) 430-6407

*Attorneys for Defendants*
Ethicon, Inc. and Johnson & Johnson

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRI FREEMAN and EARL FREEMAN,<br><br>                   Plaintiffs,<br><br>    v.<br><br>ETHICON, INC., et al.,<br><br>                   Defendants. | Case No. 2:20-cv-10661-CBM-SK<br><br>**DEFENDANTS ETHICON, INC. AND JOHNSON & JOHNSON'S NOTICE OF MOTION AND MOTION FOR MISTRIAL; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Trial Date:  September 6, 2022 |

1    **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2         **PLEASE TAKE NOTICE** that on September 16, 2022, or as soon thereafter

3    as the matter may be heard before the jury is charged, in Courtroom 8D, 8th Floor,

4    of the above-entitled court located at 350 West First Street, Los Angeles, CA

5    90012, Defendants Ethicon, Inc. and Johnson & Johnson (collectively,

6    "Defendants") will and hereby do move for a declaration of mistrial based on the

7    irreparable prejudice to Defendants from Plaintiffs' counsels statements that (1)

8    "the Prolift+M has been rejected by the medical community and nobody has used it

9    since 2012" and (2) the jury consider, "What is it worth to not have the wife you

10   once had, to be made celibate for the rest of your life because of something

11   someone else did to your husband, to your spouse."

12        This Motion is based on this Notice of Motion and Motion, the attached

13   Memorandum of Points and Authorities, the pleadings, transcripts, and other

14   materials on file in this action, and on such other and further evidence or argument

15   as the Court may consider on this motion.

16

17        Dated:  September 16, 2022          **O'MELVENY & MYERS LLP**

18

19                                            By:      */s/ Zach A. Tafoya*

20

21                                            Zach A. Tafoya (SBN 301837)
                                              ztafoya@omm.com
22                                            400 South Hope Street, 18th Floor
                                              Los Angeles, California 90071
23                                            Telephone:     (213) 430-6000
                                              Facsimile:     (213) 430-6407
24
                                              *Attorneys for Defendants*
25                                            Ethicon, Inc. and Johnson & Johnson

26

27

28

DEFS.' MOTION FOR MISTRIAL
2:20-CV-10661-CBM-SK

**MEMORANDUM OF POINTS AND AUTHORITIES**

In their rebuttal to the closing argument presented by Defendants Ethicon, Inc. and Johnson & Johnson ("Defendants"), Plaintiffs argued to the jury that "the Prolift+M has been rejected by the medical community and nobody has used it since 2012"—a highly and irreparably prejudicial statement for which *zero* evidence was adduced at trial, primarily because the Court excluded such evidence as irrelevant and/or prejudicial.  Defendants move for a mistrial on those grounds, as well as Plaintiffs' counsel's separate violation of the "Golden Rule" during closing arguments that the jury consider the amount of damages to award Earl Freeman by asking: "What is it worth to not have the wife you once had, to be made celibate for the rest of your life because of something someone else did to your husband, to your spouse."

*"Rejected by the Medical Community."*  Plaintiffs' argument to the jury that the "Prolift+M has been rejected by the medical community and nobody has used it since 2012" is not only unsupported by the evidence, but is in direct contravention of the Court's ruling on their prior attempt to elicit such testimony.  On September 9, 2022, Plaintiffs' counsel asked Dr. Bercik, "What is the status of transvaginal mesh today in the medical community?"  The Court sustained Defendants' objection to this question, after which Plaintiffs' counsel argued in front of the jury—after the Court's ruling—that "this would go to the design case."  Day 4 Trial Tr. at 132:8-24.  Defendants then moved for a limiting instruction in an attempt to mitigate the prejudice that would arise from that improper comment.  Dkt. 378.  The Court then denied Defendants' request for a limiting instruction, explaining "There is testimony in the record that certain doctors stopped using it. But there is no testimony that they stopped using it because it was removed from the market or *because there was something negative*."  Day 5 Trial Tr., P.M. Session at 74:19-75:16 (emphasis added).  Now, however, with no supporting testimony or evidence, Plaintiffs' counsel ended his rebuttal argument—one of the last things the jury will

2

1 hear before being charged—by essentially telling the jury the very "negative"

2 reason why, in his view, the Prolift+M is no longer available: because "it has been

3 rejected by the medical community and nobody has used it since 2012."  And if

4 jurors had been previously paying attention, they would have heard him days before

5 argue that the current status of transvaginal mesh kits in the medical community

6 "would go to the design case."  Day 4 Trial Tr. at 132:8-24.

7        That bell cannot be unrung.  The case is closed and Defendants cannot now

8 rebut or explain the reasons why Prolift+M is no longer sold today.  Indeed, the

9 Court granted Defendants' Supplement Motion *in Limine* No. 1, which had moved

10 to exclude evidence and argument "characterizing the decision to stop selling

11 Prolift+M that suggests it was 'pulled from the market' or 'effectively recalled'"

12 precisely because the evidence's "probative value is outweighed by its potentially

13 prejudicial effect."  Dkt. 325 at 1-2.  Yet, having been precluded in *limine*—and in

14 response to Defendants' contemporaneous objections during Dr. Bercik's

15 questioning—from eliciting any testimony to support it, Plaintiffs' counsel

16 proceeded to argue exactly that to the jury.  Defendants recognize that the Court

17 sustained their contemporaneous objection to and struck that argument during

18 Plaintiffs' argument, but the jury heard it—in fact, Plaintiffs' counsel *repeated* that

19 "nobody has used it since 2012" *after* the Court sustained Defendants' objection.

20 Plaintiffs' argument was the last thing the jury heard before retiring for the

21 weekend, during which time they may be simply assuming that, in fact, the

22 "Prolift+M has been rejected by the medical community."  In other words, rejected

23 by *all doctors* other than, as Plaintiffs' counsel went on to argue, Defendants' "paid

24 expert."   The irreparable prejudicial effect on the jury of such a comment,

25 particularly when supported by no record evidence, is severe enough to deprive

26 Defendants of a fair and impartial deliberation by the jury—a limiting instruction

27 would not suffice to cure that prejudice.

28        ***"What is it worth to not have the wife you once had."***  A mistrial is further

DEFS.' MOTION FOR MISTRIAL
2:20-CV-10661-CBM-SK

supported by Plaintiffs' counsel's argument that for Earl Freeman's damages "a fair number would be $5 million," followed by his direct question to the jury: "What is it worth to not have the wife *you* once had, to be made celibate for the rest of *your* life because of something someone else did to *your* husband, to *your* spouse." This is in direct violation of what is often referred to as the "Golden Rule," which the Ninth Circuit has defined as: "essentially a suggestion to the jury by an attorney that the jurors should do unto others, normally the attorney's client, as they would have others do unto them." *Minato v. Scenic Airlines, Inc.*, 908 F.2d 977 (9th Cir. 1990). Even more applicable here, the Ninth Circuit explained that "[t]he typical situation in which such an argument has been employed is the personal injury case in which the *plaintiff's counsel suggests to the jurors that they grant the plaintiff the same amount of damages they would want or expect if they were in the plaintiff's shoes*." *Id.* That is precisely what Plaintiffs' counsel did. And that warrants a mistrial "because a jury which has put itself in the shoes of one of the parties is no longer an impartial jury." *Id.*

For these reasons, Defendants respectfully request that the Court enter a mistrial based on Plaintiffs' counsel's improper and irreparably prejudicial comments during closing arguments.

Dated:  September 16, 2022

**O'MELVENY & MYERS LLP**

By:       */s/ Zach A. Tafoya*

Zach A. Tafoya (SBN 301837)
400 South Hope Street, 18th Floor
Los Angeles, California 90071
Telephone:       (213) 430-6000
Facsimile:       (213) 430-6407

*Attorneys for Defendants*
Ethicon, Inc. and Johnson & Johnson

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I, Zach A. Tafoya, declare that I am a citizen of the United States and a resident of Los Angeles, California or employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action. My business address is O'Melveny & Myers LLP, 400 South Hope Street, 18th Floor, Los Angeles, California 90071-2899.

On September 16, 2022, I served the following:

- **DEFENDANTS ETHICON, INC. AND JOHNSON & JOHNSON'S NOTICE OF MOTION AND MOTION FOR MISTRIAL; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

on the interested parties in this action by:

**(X) ELECTRONICALLY VIA ECF**: causing the above-entitled document to be served through the United States District Court, Central District ECF website, addressed to all parties appearing on the Court's ECF list.  A copy of the "Filing Receipt" page will be maintained with the original document in our office.

Executed on September 16, 2022 at Los Angeles, California.

*/s/ Zach A. Tafoya*
Zach A. Tafoya

1

DEFS.' MOTION FOR MISTRIAL
2:20-cv-10661-CBM-SK